In re KESSLER et al.

(Circuit Court of Appeals, Second Circuit.   June 14, 1910.)

Nos. 283, 284.

BANKRUPTCY (§ 324*)—SECURED CLAIM—INTEREST.

A creditor holding security liquidated after the filing of the bankruptcy petition is entitled to interest on his claim after the filing of the petition, where the proceeds of the sales of the security are inadequate to pay the face of the claim.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 511; Dec. Dig. § 324.*]

Ward, Circuit Judge, dissenting.

Appeals from the District Court of the United States for the Southern District of New York.

In the matter of Alfred Kessler and others, bankrupts.   On certificate of the referee to determine the propriety of the payment of interest on the balance of secured claims.   From an order directing such payment (171 Fed. 751), the trustee appeals.   Affirmed.

See, also, 176 Fed. 647.

The referee certified to the District Court the following question: "Is a creditor holding security which is liquidated after the filing of the petition entitled to interest on his claim after the filing of the petition in bankruptcy, where the proceeds of the sales of the security are inadequate to pay the face of the claim?"

The referee, furthermore, allowed the secured creditors to marshal the proceeds of their collateral securities first against interest on the debts accruing up to the date of the liquidation of such securities and then allowed them to prove the balance of the principal of the claims after deducting the remainder of such proceeds.

The District Court answered the question certified in the affirmative, and affirmed the order of the referee allowing the claims.

Wallace MacFarlane (George H. Gilman and Wallace MacFarlane, of counsel), for appellant.

McLaughlin, Russell, Coe & Sprague and Lorenzo Semple (Rufus W. Sprague, Jr., and Preston Cumming, Jr., of counsel), for appellee.

Sharon Graham, for petitioner.

Frank X. Sullivan, for Josephine Watts.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above).   The majority of the court are of the opinion that the District Court was right in answering the question certified to it by the referee in the affirmative and in approving the allowance of the claims.   But we think it unnecessary to add anything to the very careful consideration of the subject contained in Judge Hand's opinion.

The orders of the District Court are affirmed, with costs, upon the opinion of the District Judge.

WARD, Circuit Judge.   I dissent from the opinion of the majority in this case.   It is true that a creditor selling collateral is entitled to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

apply the proceeds first to the payment of interest. But the act of 1898 provides that interest shall cease to run on claims against a bankrupt's estate after the date of filing the petition. If the creditor comes into bankruptcy to claim upon any unpaid balance, so much of the proceeds of collateral as have been applied to interest accruing after the petition is filed should be deducted from that balance. He should not be allowed indirectly a preference over general creditors which he could not get directly. I think this view, not only carries out the purpose and provisions of the act, but has the additional advantage of conforming to the practice in England.